BURR CREAMERY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26983. Promulgated June 30, 1931.

*Ralph W. Smith, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

McMAHON: The only question here presented is whether the petitioner is exempt from tax for the years 1922 and 1923 under the provisions of the Revenue Act of 1921. Section 231 (11) of that act provides.

That the following organizations shall be exempt from taxation under this title:

\* \* \* \* \* \* \*

(11) Farmers', fruit growers', or like associations, organized and operated as sales agents for the purpose of marketing the products of members and turning back to them the proceeds of sales, less the necessary selling expenses, on the basis of the quantity of produce furnished by them.

The petitioner contends that during the years in question all of its stock was owned by the California Milk Producers' Association, a mutual cooperative organization, which, it has been stipulated, was during the years in question exempt from tax under section 231 (11) of the Revenue Act of 1921, and that, being the subsidiary of an exempt organization, petitioner is also exempt. As a basis for the contention that the California Milk Producers' Association owned all of the stock of the petitioner during the years in question, petitioner claims that under the written agreement of December 27, 1919, between the Burr Creamery Company and the California Milk Producers' Association, the former company exercised its option of requiring the latter organization to purchase the remaining 400 shares of stock of the petitioner which the former company held.

However, irrespective of whether the California Milk Producers' Association owned all the stock of the petitioner in the years in question, we do not believe that the petitioner is entitled to exemption under section 231 (11) of the Revenue Act of 1921. Since this section grants exemption from taxation, it must be strictly construed. A taxpayer attempting to avail itself of the benefits of this section must prove clearly that it comes within its provisions. *Farmers' Co-operative Milk Co.*, 9 B. T. A. 696, and *Riverdale Co-operative Creamery Association*, 18 B. T. A. 1159; affd., 48 Fed. (2d) 711. We can not go beyond the plain terms of the statute. Clearly, the petitioner did not operate in the manner contemplated by the statute. It did not have members for whom it acted as sales agent and to

whom it turned back the proceeds of sales, less the necessary selling expenses, on the basis of the quantity of the produce furnished by them. This petitioner being an entity entirely separate from the California Milk Producers' Association, even though all its stock were owned by the California Milk Producers' Association, must meet the test of the statute. To hold that the members of the California Milk Producers' Association were indirectly "members" of the petitioner would, we believe, be putting a strained construction upon the statute. Even if we were to so hold, we would then be confronted with evidence that approximately 17 per cent of the total products purchased by petitioner in the years in question were obtained from persons who were not members of the California Milk Producers' Association, a situation inconsistent with the idea of cooperative enterprise. See *Fruit Growers Supply Co.*, 21 B. T. A. 315. We therefore hold that the respondent did not err in denying exemption to the petitioner.

*Judgment will be entered for the respondent.*